UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TROY E. SALMON,

                Plaintiff,

v.

MEDICAL DEPARTMENT SKAGIT COUNTY DETENTION CENTER,

                Defendant.

CASE NO. 2:23-CV-669-RAJ-DWC

REPORT AND RECOMMENDATION

Noting Date: October 6, 2023

The District Court has referred this action filed under 42 U.S.C. § 1983 to Chief United States Magistrate Judge David W. Christel. Plaintiff Troy E. Salmon, proceeding *pro se* and *in forma pauris*, initiated this civil rights action on May 5, 2023. *See* Dkt. 1. As Plaintiff has failed to respond to this Court's Order Declining to Serve and failed to keep the Court advised of his current address, the Court recommends dismissing this action without prejudice.

The relevant procedural history shows that, on May 5, 2023, Plaintiff initiated this lawsuit. Dkt. 1. The Court granted his application to proceed *in forma pauperis* (IFP) on May 31, 2023. *See* Dkt. 5. On that same date, the Court entered an order declining to serve Plaintiff's Complaint; the Court notified Plaintiff of the deficiencies of his Complaint and directed him to

file an amended complaint by June 30, 2023. Dkt. 7. The Court warned Plaintiff that failure to file an amended complaint or respond to the Order would result in the undersigned recommending this action be dismissed. *Id*.

On June 9, 2023, Skagit County Sheriff's Office notified the Court that Plaintiff had been released from custody. Dkt. 8. On June 13, 2023, the orders granting IFP status and declining to serve the Complaint were returned to the Court as undeliverable. Dkt. 9.

A party proceeding *pro se* shall keep the Court and opposing parties advised as to his or her current mailing address. Local Rules, W.D. Wash. LCR 41(b)(2). If mail directed to a *pro se* plaintiff by the Clerk is returned by the Postal Service, and if such plaintiff fails to notify the Court and opposing parties within 60 days thereafter of his or her current mailing address, the Court may dismiss the action without prejudice for failure to prosecute. *Id.*

Here, Plaintiff has not responded to the Court's Order directing him to file an amended complaint. In fact, Plaintiff has not filed anything in this case since May 22, 2023, when he corrected his application to proceed IFP. *See* Dkt. 4. Additionally, he has not provided the Court with his current address and more than 60 days as passed since a mailing directed to Plaintiff was returned by the Postal Service. As Plaintiff has failed to prosecute this case and failed to comply with the Court's Local Civil Rules, the Court recommends this case be dismissed without prejudice.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v.*

REPORT AND RECOMMENDATION - 2

*Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is directed to set the matter for consideration on October 6, 2023, as noted in the caption.

Dated this 15th day of September, 2023.

/s/ David W. Christel

David W. Christel
Chief United States Magistrate Judge

REPORT AND RECOMMENDATION - 3